UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Ear Technology Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>hearX Group (Pty) Ltd. and hearX SA (Pty) Ltd.,<br><br>        Defendants. | Civil Action No. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ear Technology Corporation ("ETC") files this Complaint against Defendants hearX SA (Pty) Ltd. ("hearX SA") and hearX Group (Pty) Ltd. ("hearX Group") (collectively "hearX" or "Defendants") and alleges the following:

### NATURE OF SUIT

1. This is an action for damages and equitable relief arising under the patent laws of the United States, Title 35, United States Code, including in particular, Sections 271, 281, 283, 284, and 285, as a result of hearX's acts of infringement of U.S. Patent Nos. 8,284,968 (the "'968 Patent") and 8,472,634 (the "'634 Patent").

### THE PARTIES

2. ETC is a corporation organized and existing under the laws of the State of Tennessee. ETC has a principal place of business at 106 E. Watauga Avenue, Johnson City, Tennessee 37601. ETC is in the business of selling hearing aids, personal sound amplification devices, and related products.

3. ETC is the exclusive licensee of the '968 and '634 Patents, and is entitled to enforce all rights arising therefrom, including the right to file suit for infringement of the patents.

4. On information and belief, hearX SA and hearX Group are limited companies organized under the laws of South Africa, with their principal place of business at 180 Garsfontein Road, Ashlea Gardens, Pretoria, South Africa 0081.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because Defendants have, directly or through intermediaries, committed acts within Tennessee giving rise to this action and/or have established minimum contacts with Tennessee such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

7. Defendants have placed, are continuing to place, and have influenced the placement of infringing products, including but not limited to Lexie Lumen hearing aids, into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Tennessee, including in this District.

8. In February 2023, HearX SA filed a notification with the United States Food & Drug Administration ("FDA") that it intended to market the infringing Lexie Lumen product throughout the United States. *See* Exhibit F.

9. HearX Group released a press release, attached as Exhibit E, wherein its CEO announced the infringing Lexie Lumen product would be sold in-store at Walgreens. The press release explains the products are available at Walgreens stores in Tennessee.

10. Upon information and belief, Defendants have derived substantial revenues from infringing acts occurring within the State of Tennessee and within this District.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(3) and 1400(b) because Defendants are subject to jurisdiction in this District and are therefore deemed to reside in this District; 28 U.S.C. §§ 1391(c)(3) because Defendants are foreign corporations; and 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to ETC's claims occurred in this District.

**GENERAL ALLEGATIONS**

12. On October 9, 2012, the United States Patent and Trademark Office duly and legally issued the '968 Patent. The '968 Patent is entitled "Preprogrammed hearing assistance device with user selection of program." A true and correct copy of the '968 Patent is attached to this Complaint as Exhibit A.

13. The '968 Patent is valid and subsisting.

14. The '968 Patent is presumed valid pursuant to 35 U.S.C. § 282(a).

15. On June 25, 2013, the United States Patent and Trademark Office duly and legally issued the '634 Patent. The '634 Patent is entitled "Preprogrammed hearing assistance device with audiometric testing capability." A true and correct copy of the '634 Patent is attached to this Complaint as Exhibit B.

16. The '634 Patent is valid and subsisting.

17. The '634 Patent is presumed valid pursuant to 35 U.S.C. § 282(a).

18. On information and belief, hearX makes, uses, offers to sell, sells and/or imports into the United States, hearing assistance devices such as the Lexie Lumen hearing aids as depicted below. *See also* Exhibits C and D.

19. hearX's activities with respect to such hearing assistance devices, including the Lexie Lumen hearing aids, infringe one or more claims of the '968 and '634 Patents.

20. For example, the Lexie Lumen hearing aids infringe claim 23 of the '968 Patent, which recites the following:

> 23. A programmable apparatus for improving perception of sound by a person, the apparatus comprising:
>
> a housing configured to be worn in, on or behind an ear of the person;
>
> memory disposed within the housing, the memory for storing a plurality of audio processing programs that may be used in processing digital audio signals;
>
> a processor disposed within the housing and connected to the memory, the processor operable to execute one or more selected audio processing programs to process digital audio signals;
>
> a selection device disposed on the housing and connected to the processor, the selection device operable by the person to select one of the audio processing programs to be used in processing the digital audio signals;
>
> a digital-to-analog converter disposed within the housing, the digital-to-analog converter for generating output analog audio signals based on the digital audio signals; and
>
> an audio output section disposed within the housing, the audio output section for receiving and amplifying the output analog audio signals, generating audible sound based thereon and providing the audible sound to the person,

the audio output section further for generating one or more audible sounds that indicate to the person which one of the audio processing programs is currently selected for processing the digital audio signals,

whereby the currently selected audio processing program can be determined without having to connect the apparatus to any external device.

21. The Lexie Lumen hearing aid includes a housing configured to be worn on an ear of a person, as illustrated below (see Exhibit C):



22. As explained on page 32 of Exhibit D, the Lexie Lumen device has multiple selectable "listening environment" programs stored in its memory.

23. As illustrated on page 12 of Exhibit D, the Lexie Lumen device has a "listening environment program control" disposed on the housing, which is a selection device operable by a person to select the listening environment program.



24. The Lexie Lumen device includes a digital-to-analog converter, which is an inherent component of a digital hearing aid.

25. The Lexie Lumen device includes an audio output section that provides audible sound to the slim tube and dome (which fits into the ear canal), which are shown below:



26. The Lexie Lumen devices generate audible sounds that indicate to a person which listening environment program is selected. As explained on page 32 of Exhibit D, "[t]o change the listening environment, press the topmost button on your hearing aid, or change it using the Lexie App. A voice prompt will let you know which listening environment your hearing aid is currently set to."

27. The voice prompt indicating the currently selected program is not dependent on connection of the Lexie Lumen device to any external device, such as a smartphone.

28. As another example, hearX's Lexie Lumen hearing aid infringes independent claim 17 of the '634 Patent, which recites the following:

> 17. A programmable apparatus for improving perception of sound by a person, the apparatus comprising:
>
> a housing configured to be worn on or in an ear of the person;
>
> a processor disposed in the housing for executing one or more available programs for processing digital audio signals;
>
> a digital-to-analog converter disposed in the housing for generating output analog audio signals based on the digital audio signals;

6

Case 3:23-cv-00405-DCLC-DCP   Document 1   Filed 11/10/23   Page 6 of 14   PageID #: 6

an audio output section disposed in the housing for receiving and amplifying the output analog audio signals, generating audible sound based thereon, and providing the audible sound to the person;

memory disposed in the housing for storing one or more programs for processing the digital audio signals, the memory accessible to the processor;

a switching device disposed in the housing for generating a first control signal to switch from one available program to another available program based upon an action by the person; and

the processor for ceasing execution of one of the available programs and commencing execution of another of the available programs based upon the first control signal.

29. The Lexie Lumen hearing aid comprises a programmable apparatus that improves perception of sound.

30. As noted above, the Lexie Lumen hearing aid includes a housing configured to be worn on an ear of a person, as illustrated below (see Exhibit C):



31. As explained on page 32 of Exhibit D, the Lexie Lumen device has multiple selectable "listening environment" programs stored in its memory

32. The Lexie Lumen device includes a digital-to-analog converter, which is an inherent component of a digital hearing aid.

33. The Lexie Lumen device includes an audio output section that provides audible sound to the slim tube and dome (which fits into the ear canal), which are shown below:



34. The Lexie Lumen device has memory in which the multiple selectable "listening environment" programs are stored. *See e.g.* from https://lexiehearing.com/us/support-lexie-lumen-resources:

**What are Environment settings?**

Lexie hearing aids come with six different listening environments/programs that can be used depending on the listening situation that you are in. Once you change to a new listening environment/program, changes will automatically be made to your hearing aid to help you hear better in that listening environment.

35. As illustrated on page 12 of Exhibit D, the Lexie Lumen device has a "listening environment program control" disposed in the housing.



36. As explained on page 32 of Exhibit D, the "listening environment program control" button on the hearing aid is a switching device which, when pressed, "change[s] the listening environment." Pressing the button causes the processor to cease execution of one of the programmed listening environments and commence execution of another programmed listening environments.

37. On or about May 16, 2023, ETC provided hearX with copies of the '968 and '634 patents and claim charts that explained how the Lexie Lumen product infringed claims of the patents. Accordingly, hearX had knowledge of the '968 and '634 Patents prior to the filing of this Complaint. Despite such knowledge of the '968 and '634 Patents, hearX continued, and still continues today, to manufacture, use, offer for sale, sell in the United States (including in this District), and/or import into the United States, hearing assistance devices, including the Lexie Lumen hearing aid, that infringe one or more claims of the '968 and '634 Patents.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 8,284,968

38. ETC realleges, adopts, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

39. hearX has manufactured, used, offered for sale, sold within the United States (including in this District), and/or imported into the United States, and continues to manufacture, use, offer for sale, sell in the United States (including in this District), and/or import into the United States, hearing assistance devices, including the Lexie Lumen hearing aid, that incorporate each and every element of one or more of the claims of the '968 Patent and therefore are covered by the '968 Patent ("the Accused Products").

40. hearX has been infringing and continues to infringe the '968 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale in the United States, and/or importing into the United States the Accused Products, such as the Lexie Lumen hearing aid, that embody each element of at least one of the claims of the '968 Patent and will continue to do so unless enjoined by this Court.

41. In addition to the foregoing and/or in the alternative, hearX indirectly infringes the '968 Patent by inducing and contributing to infringement by others, including but not limited to

subsidiaries and affiliates, including hearX USA, Inc., OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. hearX is actively, knowingly, and intentionally inducing infringement of the '968 Patent by selling, offering to sell and/or importing into the United States the Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with hearX, use, sell, offer for sale, and/or import the Accused Products supplied by hearX to infringe the '968 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the Accused Products and infringing uses thereof and/or filing regulatory documents with the FDA and/or other governmental entities seeking permission to market and sell the Accused Products within the United States.

42. In addition to the foregoing and/or in the alternative, hearX has knowingly contributed to the infringement of one or more claims of the '968 Patent under 35 U.S.C. § 271(c). hearX is actively, knowingly and intentionally contributing to the infringement of the '968 Patent by selling, offering to sell, and/or importing into the United States the Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '968 Patent with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with hearX, infringe the claims of the '968 patent, and with the knowledge that the infringing technology in the Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

43. ETC is being damaged by hearX's infringement of the '968 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless hearX is enjoined from continuing to infringe.

44. ETC has suffered damages as a result of hearX's infringement of the '968 Patent, including in the form of lost profits, lost sales, and/or lost opportunities. ETC is entitled to recover damages to compensate it for hearX's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

45. hearX's infringement has been and continues to be egregious and willful, with knowledge of the existence of the '968 Patent, such that ETC is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 8,472,634

46. ETC realleges, adopts, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

47. hearX has manufactured, used, offered for sale, sold within the United States (including in this District), and/or imported into the United States, and continues to manufacture, use, offer for sale, sell in the United States (including in this District), and/or import into the United States, hearing assistance devices, including the Lexie Lumen hearing aid, that incorporate each and every element of one or more of the claims of the '634 Patent and therefore are covered by the '634 Patent.

48. hearX has been infringing and continues to infringe the '634 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale in the United States, and/or importing into the United States the Accused Products, such as the Lexie Lumen

hearing aid, that embody each element of at least one of the claims of the '634 Patent and will continue to do so unless enjoined by this Court.

49. In addition to the foregoing and/or in the alternative, hearX indirectly infringes the '634 Patent by inducing and contributing to infringement by others, including but not limited to subsidiaries and affiliates, including hearX USA, Inc., OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. hearX is actively, knowingly, and intentionally inducing infringement of the '634 Patent by selling, offering to sell and/or importing into the United States the Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with hearX, use, sell, offer for sale, and/or import the Accused Products supplied by hearX to infringe the '634 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the Accused Products and infringing uses thereof and/or filing regulatory documents with the FDA and/or other governmental entities seeking permission to market and sell the Accused Products within the United States.

50. In addition to the foregoing and/or in the alternative, hearX has knowingly contributed to the infringement of one or more claims of the '634 Patent under 35 U.S.C. § 271(c). hearX is actively, knowingly and intentionally contributing to the infringement of the '634 Patent by selling, offering to sell, and/or importing into the United States the Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '634 Patent with the knowledge that third parties, including those set forth above, will continue to,

either alone or in combination with hearX, infringe the claims of the '634 patent, and with the knowledge that the infringing technology in the Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

51. ETC is being damaged by hearX's infringement of the '634 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless hearX is enjoined from continuing to infringe.

52. ETC has suffered damages as a result of hearX's infringement of the '634 Patent, including in the form of lost profits, lost sales, and/or lost opportunities. ETC is entitled to recover damages to compensate it for hearX's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

53. hearX's infringement has been and continues to be egregious and willful, with knowledge of the existence of the '634 Patent, such that ETC is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, ETC requests a trial by jury on any issue in this action triable by right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, ETC respectfully requests that the Court grant the following relief:

(a) A declaration that the '968 and '634 Patents are valid and enforceable;

(b) Enter judgment that hearX has infringed the '968 and '634 Patents, and that such infringement has been willful;

13

(c) Preliminarily and permanently enjoin hearX from infringing the '968 and '634 Patents, pursuant to 35 U.S.C. § 283, or grant such other equitable relief the Court determines is warranted;

(d) Award ETC damages in an amount to be proven at trial because of the injury suffered by reason of hearX's infringement of the '968 and '634 Patents;

(e) Increase the damages awarded to ETC up to three times the amount found to be ETC's actual damages, as authorized by 35 U.S.C. § 284;

(f) Award ETC its attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

(g) Award ETC prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(h) Award ETC such other and further relief as the Court deems proper.

Respectfully submitted,

EAR TECHNOLOGY CORPORATION

By: s/Michael J. Bradford
Michael J. Bradford, BPR #22,689
Mark P. Crockett, BPR #19,352
LUEDEKA NEELY, P.C.
P. O. Box 1871
Knoxville, TN 37901-1871
Phone: 865-546-4305
MBradford@Luedeka.com
MCrockett@Luedeka.com

*Attorneys for Plaintiff*